# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **In re:** | ) |
| | ) |
| **Meadowbrook Farms Cooperative,** | ) |
| | ) |
| Debtor. | ) |
| | ) |
| **GREAT LAKES PORK, INC.,** | ) |
| **JOHNSON-PATE PORK, INC., and** | ) |
| **LEHMANN BROTHERS FARMS, LLC,** | ) |
| | ) |
| Appellants, | ) |
| | ) |
| vs. | )  CIVIL NO. 10-731-GPM |
| | ) |
| **THE CIT GROUP/BUSINESS CREDIT,** | ) |
| **INC.,** | ) |
| | ) |
| Appellee. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This bankruptcy appeal came before the Court for oral argument on February 28, 2011. The Court orders the parties to filed additional exhibits to clarify the arguments, representations, and submissions made during the hearing.

Appellee CIT Group/Business Credit (CIT) is a secured creditor of the Debtor, Meadowbrook Farms Cooperative, which filed for bankruptcy under Chapter 7 on March 21, 2009. Appellants Great Lakes Pork, Inc., Johnson-Pate Pork, Inc., and Lehmann Brothers Farms, LLC (the PSA-Claimants) are livestock producers that sold hogs to the Debtor. The PSA-Claimants claim an interest in funds held by the bankruptcy trustee under the Packers and Stockyard Act of 1921 (PSA), 7 U.S.C. §§ 181 *et seq*. Following a trial, the United States

Bankruptcy Court for the Southern District of Illinois found that the PSA-Claimants are entitled to the funds under the PSA's trust protections. Despite finding for the PSA-Claimants on the merits, the bankruptcy court denied their request for interest and attorneys' fees. The PSA-Claimants appeal the denial of interest and fees.

In their briefs and during oral argument, the parties discussed clauses in the revised marketing agreements between the Debtor and the PSA-Claimants that relate to the provision of attorneys' fees. Until CIT tendered to the Court during the hearing an agreement between the Debtor and Great Lakes Pork, Inc., the Court had not seen any of these agreements. While the PSA-Claimants designated the summaries of exhibits presented during trial -- specifically, bankruptcy court docket numbers 250 and 251 -- as part of their record on appeal, the Court cannot access those exhibits electronically through the bankruptcy court's docket. Therefore, the Court **ORDERS** the parties, **on or before March 21, 2011**, to electronically file on the district court docket *for this case* all agreements referenced in their briefs.[1] The Court specifically is interested in:

1. Exhibit 7 – Cash UMA between MFC and Johnson Pate Pork
2. Exhibit 8 – Cash UMA between MFC and Great Lakes Pork
3. Exhibit 9 – Cash UMA between MFC and Lehmann Brothers Farm LLC
4. Exhibit 204 – Cash Uniform Marketing Agreement
5. Exhibit 205 – Cash Uniform Marketing Agreement (Revised)
6. Exhibit 215 – Cash Uniform Marketing Agreement (9/08)
7. Exhibit 221 – Cash Uniform Marketing Agreement

   **IT IS SO ORDERED.**

   DATED: 03/11/11

   s/ *G. Patrick Murphy*
   G. PATRICK MURPHY
   United States District Judge

---

[1] The parties also are being ordered to file exhibits and additional briefing in a related bankruptcy appeal, civil case number 10-623-GPM.